UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKAEL D. PATTERSON,

    Petitioner,                               Civil No. 04-CV-74573-DT
                                            HONORABLE AVERN COHN
v.                                          UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Mikael D. Patterson, (Petitioner) is a resident of Wayne County, Michigan who is currently in the community on appeal bond[1] from a sentence of two years for the crime of possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b. Petitioner was also convicted of the misdemeanor offense of intentionally aiming a firearm at a person without malice, Mich.Comp. Laws § 750.233, but his sentence has expired on this count. Petitioner, through counsel, has filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claim is procedurally defaulted and lacks merit. For the reasons which follow, the petition will be denied.

---

[1] Petitioner is currently on bond pursuant to an order of the Michigan Court of Appeals dated November 16, 2001. Although Petitioner's state appeal ended in 2003, his bond has not been revoked.

## II. Procedural History

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to four days in jail, with credit for time served, on the count of intentionally aiming a firearm at a person without malice, and received a consecutive sentence of two years on the felony-firearm conviction.

Petitioner filed an appeal of right to the Michigan Court of Appeals, presenting the claim that he raises in the instant petition. The Michigan Court of Appeals affirmed petitioner's conviction, although it remanded the case to the trial court to correct petitioner's sentences to be concurrent with one another. *People v. Patterson,* 237186 (Mich.Ct.App. February 18, 2003). Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court, in which he raised the identical claim that he raised on his appeal of right. The Michigan Supreme Court denied leave to appeal. *People v. Patterson,* 469 Mich. 875 (2003).

On November 22, 2004, petitioner filed an application for writ of habeas corpus, seeking relief on the following ground:

> Defendant was denied his federal constitutional rights to a fair trial and due process of law when the trial judge failed to instruct the jury that it must find beyond a reasonable doubt that defendant committed a felony before it could convict him of felony firearm, and failed to inform jurors that intentionally pointing a firearm without malice is a misdemeanor.

## III. Facts

The material facts leading to petitioner's conviction as gleaned from the record follow:

Petitioner and his co-defendant, Damone Fawcett, were charged with the offenses of assault with a dangerous weapon [felonious assault] and felony-firearm, for an incident

which occurred in Detroit, Michigan on December 16, 2000.  Petitioner was a trained and certified bail bondsman who was searching for a known felon on the night in question.

Detroit Police officers Scott Stewart and Scott Konczal were on Harper Street in Detroit, Michigan on the night of December 16, 2000.  The two officers were dressed in plain clothes.  As the officers were returning to their car, a person who was sitting in a window of an after-hours club said, "Fuck the Po Po" or "Fuck the Police."  Another person in the window was holding a bottle.  Officer Stewart feared that this man would throw the bottle and pulled out his badge in response to this perceived threat.  Officer Konczal began walking faster.  Officer Stewart then pulled out his weapon.  The officers then heard a voice order them to "Freeze."  The officers turned around and observed Mr. Fawcett with a gun pointed in their direction.  Petitioner was holding a pistol in front of him, pointed at the ground.  Officer Stewart had already re-holstered his gun at this point.  Both officers raised their hands and identified themselves as being police officers several times.  In response, Mr. Fawcett holstered his weapon and petitioner lowered his pistol.  The officers then pointed their firearms at petitioner and Fawcett and arrested the two men.

The police recovered guns from Fawcett and petitioner, as well as holsters, pepper spray, handcuffs, and bail enforcement or fugitive recovery identification cards.  Petitioner did not have a concealed weapons permit from Michigan.  Fawcett had a concealed weapons permit from Utah, although the permit was issued to a Detroit address.

Petitioner and Fawcett informed the officers that they were bounty hunters.  Fawcett testified at trial that he had worked as a bounty hunter for ten years.  Petitioner testified that he was Fawcett's employee and had been trained at a bail bonds training center.  Patterson had been taught that bounty hunters should notify local police officers of their presence

when hunting for a fugitive in a given locality. Officer Carnell Humphries, a Detroit police officer, testified that petitioner had flagged him down on the night of December 16, 2000 and had informed Humphries that he and Fawcett were looking for a man named Alan Hugh Turgeon, who had skipped bail in Arizona and who was known to be armed and dangerous. Turgeon was suspected of being at an after-hours club on Harper in Detroit. Petitioner and Fawcett both testified that they were inside this after-hours club when they observed two white males walking through an alley, and one of these men pointed his gun at the window of the club. Petitioner and Fawcett believed that this man may have been the fugitive that they were looking for.

Fawcett and petitioner both testified that petitioner was only carrying a flashlight when the two men left the building to confront the man whom they thought was their fugitive. When Officers Stewart and Konczal identified themselves as police, Fawcett holstered his gun and petitioner lowered his flashlight. Neither petitioner nor Fawcett saw anything that would identify Stewart or Konczal as being police officers. Another witness, Darnall Henderson, a friend of petitioner's, had been inside the after-hours club hosting a party. Henderson had also testified that Officer Stewart was not wearing anything that would identify him as being a police officer.

At the conclusion of trial, the judge instructed the jury on the elements of assault with a dangerous weapon and the lesser included misdemeanor offense of intentionally aiming a firearm at a person without malice. The trial court then gave the following instruction on the charge of felony-firearm:

> "To prove this charge the Prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the Defendants committed, or attempted to commit the crime of Assault With a Dangerous Weapon,

4

which has been defined to you.  Second, that at the time the Defendants committed or attempted to commit the crime of Assault With a Dangerous Weapon they knowingly carried, or possessed a firearm."

The trial court judge subsequently explained the verdict form that would be sent to the jury room, stating:

"This form simply sets forth the possible verdicts that are available.  Under Count I, Assault With a Dangerous Weapon, there are three possible verdicts: Not guilty, guilty of Assault with a Dangerous Weapon, or guilty of the less serious charge of Intentionally Pointing a Firearm Without Malice, We need one check mark under Count 1.

Under Count 2, there are two possible verdicts for Felony Firearm either not guilty, or guilty of Felony Firearm.  There are two possible verdicts we need a check mark for your verdict.

Now I should point out to you, I should have made a note on this form.  If you find the Defendants are guilty of a less serious charge then they should not be found guilty of Felony Firearm.

For example, if you find them guilty of Intentionally Pointing a Firearm Without Malice they should not be found guilty of Felony Firearm."

After commencing deliberations, the jury sent a note to the judge, asking, "Judge, could you clarify Count I, guilty of intentionally pointing a firearm without malice.  The question is whether or not we can still find the defendant, Mikael Patterson, can be charged with felony firearm, Count II."

In response to this note, the prosecutor informed the judge that he had previously instructed the jury that they could not convict petitioner of felony-firearm if they found him guilty of the lesser included misdemeanor offense of intentionally aiming a firearm without malice.  The prosecutor noted, however, that the instruction [for felony-firearm] states that it is not necessary for the defendant to be found guilty of the underlying felony, in order to be found guilty of felony-firearm.  Defense counsel argued that the trial judge's earlier

5

comments were an accurate reflection of the law. The judge indicated that he may have misled the jury with his earlier remarks, because it was not necessary for them to find petitioner guilty of the underlying felony in order to convict him of felony-firearm. The judge indicated that he would read the felony-firearm instruction and tell the jurors to follow the instruction.

In open court, the jury foreperson asked if they found either defendant guilty of the lesser offense, "can we or can we not find them guilty of felony firearm?" In response, the judge gave the following instruction:

> "Let me, and I might have thrown you off a bit, but let me read to you, let me read you the instruction, and you have the instructions also in there. The one that talks about possession of a firearm at the time of the commission or attempt to commit a felony, and I'm going to read to you, and then you should follow this instruction.
>
> The defendants are charged with the separate crime of possessing a firearm at the time they committed or attempted to commit the felony of assault, felonious assault–assault with a dangerous weapon. Let me read that again.
>
> The defendants are also charged with the separate crime of possessing a firearm at the time that they committed or attempted to commit the crime of assault with a dangerous weapon. That's the first part. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt.
>
> First, that the defendants committed or attempted to commit the crime of assault with a dangerous weapon, which has been defined for you. It is not necessary, however, that the defendants be convicted of that crime.
>
> Second, that at the time the defendants committed or attempted to commit the crime of assault with intent–assault with a dangerous weapon, they knowingly carried or possessed a firearm."

The jury returned to deliberate and returned with a verdict thirty minutes later, finding petitioner and Mr. Fawcett guilty of the lesser offense of intentionally aiming a firearm without malice and felony-firearm.

At petitioner's sentencing on September 14, 2001, petitioner's counsel filed a motion to vacate or set aside the felony firearm conviction, on the ground that the jury was never informed that intentionally pointing a firearm was a misdemeanor, and that the jury may have convicted petitioner of felony-firearm on the mistaken belief that the offense of intentionally aiming a firearm was also a felony. The trial court judge denied the motion.

### IV. Analysis

#### A. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> 
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > 
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id.* at 411.

## B. The jury instruction claim

Petitioner claims that he was denied a fair trial and the due process of law when the trial court judge failed to instruct the jury that it must find beyond a reasonable doubt that petitioner committed a felony before it could find him guilty of felony-firearm, and further confused the jury by failing to clarify for the jurors, in response to their question, that that the lesser included offense of intentionally pointing a firearm without malice is a misdemeanor.

Respondent has argued that petitioner's claim is procedurally defaulted, because petitioner failed to object to the jury instructions as given. Because petitioner failed to object, the Michigan Court of Appeals found the error to be unpreserved and reviewed it solely for plain error. Petitioner, however, in his reply brief contends that his jury instruction claim is not procedurally defaulted for several reasons. First, petitioner claims that his trial counsel was not given an opportunity to object to the allegedly defective jury instruction outside the presence of the jury, as required by M.C.R. 2.516 (C). Secondly, petitioner contends that his trial counsel had requested an alternate jury instruction, but this request had been denied by the trial court. Petitioner contends that counsel's request for an alternate instruction preserved his instructional error claim. Lastly, petitioner contends that any procedural default could be excused by both ineffective assistance of trial counsel, in failing to object to the allegedly defective jury instruction, and the ineffective assistance of appellate counsel in failing to raise the issue of the ineffective assistance of trial counsel on direct appeal. Lastly, this Court notes that petitioner's counsel objected to the allegedly defective jury instruction in his post-trial motion to set

aside the felony-firearm conviction.

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). In this case, the procedural default issue is complicated, while the merits of petitioner's underlying claim are easy to resolve. Because "the procedural default issue raises more questions than the case on the merits," the Court will assume, for the sake of resolving the claim, that there is no procedural default by petitioner and will decide the merits of the claim. *Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003)(internal quotation omitted).

The Michigan Court of Appeals addressed the merits of petitioner's instructional error claim when reviewing the issue for plain error. The Michigan Court of Appeals noted that although an element of felony-firearm is the commission or the attempted commission of a felony, it is not necessary under Michigan law for a defendant to be convicted of a felony or the attempt to commit a felony in order to be convicted of felony-firearm. *People v. Patterson,* Slip. Op. at * 1 (citing *People v. Lewis*, 415 Mich. 443, 454-55 (1982)). The Michigan Court of Appeals observed that: "[A] jury's decision to convict a defendant of felony-firearm may be construed as an implicit finding that the defendant committed or attempted to commit the underlying felony, notwithstanding its acquittal of the defendant on the underlying felony or its conviction on a lesser misdemeanor offense. " *Id.* (Citing to *People v. Lewis,* 415 Mich. at 452; *People v. Bonham*, 182 Mich.App 130, 136 (1989)). Therefore, a jury may render seemingly inconsistent verdicts. *Id.* The Michigan Court of

9

Appeals found that the trial court judge misstated the law when he initially instructed the jury that petitioner could not be convicted of felony-firearm if he was either acquitted of felonious assault or convicted of the lesser offense of intentionally aiming a firearm without malice.  The Michigan Court of Appeals concluded that once the jury expressed confusion, the trial court judge adequately and properly addressed the jury's confusion by re-reading the felony-firearm standard instruction and instructing the jurors to follow that instruction. *People v. Patterson,* Slip. Op. at * 2.  The Michigan Court of Appeals further held that the trial court judge was under no duty to inform the jury that the lesser offense of intentionally aiming a firearm without malice is a misdemeanor. *Id.*

A federal court in a habeas corpus proceeding must do more than find a jury instruction in a state criminal trial was erroneous to grant habeas relief. *See Smith v. Anderson,* 505 F. Supp. 642, 644 (E.D. Mich. 1980).  The question on habeas review of jury instructions is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141,147 (1973). "It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle v. McGuire,* 502 U.S. 62, 72 (1991)(quoting *Naughten,* 414 U.S. at 147).

Petitioner's primary contention is that the trial court judge failed to adequately respond to the jury's question about whether they could convict petitioner of felony-firearm if they found him guilty of intentionally pointing a firearm without malice, because the trial court judge failed to inform the jurors that this offense was only a misdemeanor.  Where a jury, desiring additional instructions, makes explicit its difficulties, a trial judge should clear them away with concrete accuracy. *Bollenbach v. United States*, 326 U.S. 607, 612-

13 (1946). However, a trial court is also entitled to exercise its sound discretion in deciding how best to respond to inquiries made by a jury during its deliberations. *See United States v. Brown*, 276 F. 3d 211, 216 (6th Cir. 2002). In addition, a trial judge may "recharge a jury to correct possible misunderstandings which could arise as a result of inadequately defining the elements constituting the crime charge...." *Draughn v. Jabe,* 803 F. Supp. 70, 76 (E.D. Mich. 1992)(quoting *United States v. Oliver*, 766 F. 2d 252, 254 (6th Cir. 1985)).

Here, the trial court initially misinformed the jury that petitioner could not be convicted of felony-firearm if he was convicted only of the lesser included misdemeanor offense of intentionally aiming a firearm without malice. When the jury expressed confusion, the trial court re-read the standard jury instruction on felony-firearm to the jurors. Although the trial court did not advise the jurors that the lesser offense of intentionally aiming a firearm without malice was a misdemeanor, the trial court advised the jury, both in its original and supplemental instructions, that they would have to find beyond a reasonable doubt that petitioner committed the offense of assault with a dangerous weapon before they could convict him of felony-firearm. In addition, the trial court clearly referred to the crime of assault with a dangerous weapon as being a felony at the beginning of the supplemental instruction. The only difference between the original and the supplemental instruction was the fact that the trial court explained to the jury that it was unnecessary for the jury to actually convict petitioner of assault with a dangerous weapon before they could convict him of felony-firearm. Although the trial court did not inform the jurors that intentionally aiming a firearm without malice was a misdemeanor, the original and the supplemental instructions as a whole adequately conveyed to the jury that

they would have to find that petitioner committed, or attempted to commit, the felony offense of assault with a dangerous weapon beyond a reasonable doubt before they could convict him of felony-firearm. In this case, the trial court's failure to inform the jurors that intentionally aiming a firearm without malice was only a misdemeanor does not entitle petitioner to habeas relief, because the original and supplemental instructions clearly informed the jurors that they would have to find that petitioner had committed the offense of assault with a dangerous weapon before they could convict him of felony-firearm. *See e.g. People of Territory of Guam v. Quichocho,* 973 F. 2d 723, 730 (9th Cir. 1992)(in prosecution under Guam law for aggravated murder and possession and use of a deadly weapon in commission of a felony, trial court's failure to define "felony" was not error, since crime of aggravated murder was obviously a felony and jury did not need to be so instructed).

## V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED.**

**SO ORDERED.**

s/Avern Cohn_____
**HON. AVERN COHN**
UNITED STATES DISTRICT COURT

DATED:8/1/05