UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKAEL PATTERSON,

        Petitioner,                        Case Number: 04-74573

v.                                                HONORABLE AVERN COHN

PATRICIA CARUSO,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Mikael Patterson Petitioner (Petitioner) filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights.  Petitioner specifically claimed that his conviction for felony firearm and for the misdemeanor offense of intentionally aiming a firearm at a person without malice was unconstitutional due to a jury instruction error.  The Court denied the petition.  See Opinion and Order filed August 1, 2005.

Petitioner has filed a notice of appeal, seeking to appeal the Court's August 1, 2005 decision.  Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  120 S. Ct. at 1604.  The Supreme Court recently explained that

"[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

Here, the Court fully considered Petitioner's claim and denied it on the merits. Under these circumstances, the Court relies on all of the reasons stated in the Opinion and Order of August 1, 2005 and concludes that reasonable jurists would not find the Court's conclusion debatable or wrong. Accordingly, a COA is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2005

2